IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FRANK PAUL REYOS,<br><br>Petitioner,<br><br>v.<br><br>UTAH STATE PRISON,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER DENYING PENDING MOTIONS**<br><br>Case No. 2:19-cv-517<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

## BACKGROUND

On April 6, 2015, Petitioner was sentenced to consecutive prison terms of life without parole and one to fifteen years after being convicted for aggravated murder and possession of a dangerous weapon by a restricted person. *See* Dkt. No. 1 at 1; *State v. Reyos*, 2017 UT App 132, ¶ 1. The conviction was affirmed by the Utah Court of Appeals on July 28, 2017. *See Reyos* ¶ 1. On October 13, 2017, a petition for review was denied by the Utah Supreme Court. *See State v. Reyos*, 406 P.3d 249 (Utah 2017). On February 27, 2018, Petitioner filed a post-conviction petition in state court. *See Reyos v. State*, No. 180901457 (Utah Dist. Ct. Feb. 27, 2018). Final judgment was entered against the Petitioner and in favor of the State on the petition on March 20, 2019. *See* Dkt. No. 9-4 at 7.

On July 23, 2019, Petitioner filed a federal habeas petition under 28 U.S.C. § 2254 (2020). *See* Dkt. No. 1. On March 19, 2020, Petitioner then moved for a stay under *Rhines v. Weber*, 544 U.S. 269 (2005). *See* Dkt. No. 2. On June 8, 2020, Petitioner filed a motion for discovery. *See* Dkt. No. 3. On June 19, 2020, the court ordered Respondent to respond to the habeas petition and the motions for a stay and for discovery. *See* Dkt. No. 4.

1

On August 10, 2020, Petitioner filed a motion for the court to appoint counsel to represent him free of charge. *See* Dkt. No. 8. On September 2, 2020, Respondent filed an opposition to the motion for a stay and requested thirty days to respond to the habeas petition if the stay is denied. *See* Dkt. No. 9. Petitioner filed a reply on September 24, 2020. *See* Dkt. N0. 10.

## MOTION FOR A STAY

> Under *Rhines*, 544 U.S. at 269, this Court has discretion to stay a mixed petition--a petition containing both exhausted and unexhausted claims--while a habeas petitioner returns to state court to exhaust the unexhausted claims. *Id*. at 277. A stay may be granted if: (1) the petitioner establishes good cause for his failure to exhaust his claims first in state court, (2) the unexhausted claims have potential merit, and (3) there is no indication that the petitioner has engaged in intentionally dilatory litigation tactics. *Id*. at 277–78.

*Domenech v. Williams*, No. 10-CV-02734-CMA, 2020 U.S. Dist. LEXIS 59863, at *17–18 (D. Colo. Apr. 6, 2020).

Respondent argues that there is no basis for a stay here because Petitioner has brought a fully exhausted petition, not a mixed petition. *See* Dkt. No. 9 at 1. The court agrees.

State prisoners seeking relief through a habeas petition in federal court must show that they have exhausted their state court remedies. *See* 28 U.S.C.S. § 2254 (b)(1)(A) (2020). State-court remedies are deemed exhausted if either: (1) the claims asserted in the federal petition have been fairly presented to the highest state court either on direct appeal from conviction or in a state post-conviction proceeding; or (2) state-court remedies no longer available. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994); *Smith v. Atkins*, 678 F.2d 883, 884–85 (10th Cir. 1982). Because a federal habeas petitioner is required to exhaust only those state-court "remedies still available at the time of the

2

federal petition," *Engle v. Isaac*, 456 U.S. 107, 125–26 n.28 (1982), "[a] habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion [because] there are no state remedies any longer 'available' to him," *Coleman v. Thompson*, 501 U.S. 722, 732 (1991).

In this case, "the exhaustion requirement is satisfied" with respect to the two issues raised in his habeas petition that Petitioner previously appealed to the Utah Supreme Court—those issues were "fairly presented to the" highest state court on direct appeal. *Castille*, 489 U.S. at 351 (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). The other issues that Petitioner raises here also "meet[] the technical requirements for exhaustion [because] there are no state remedies any longer 'available' to him." *Coleman*, 501 U.S. at 732.

First, the deadline has long since passed for Petitioner to appeal the denial of his post-conviction petition on March 19, 2019. *See* Dkt. No. 9-4 at 7–8; Utah R. App. P. 4(a) ("[N]otice of appeal . . . shall be filed . . . within 30 days after the date of entry of the judgment or order appealed from."). Second, Petitioner is no longer eligible for state post-conviction relief

> upon any ground that . . .
> (b) was raised or addressed at trial or on appeal;
> (c) could have been but was not raised at trial or on appeal;
> (d) was raised or addressed in any previous request for post-conviction relief or could have been, but was not, raised in a previous request for post-conviction relief; or
> (e) is barred by the limitation period established in Section 78B-9-107.

Utah Code Ann. § 78B-9-106(1) (2021). Finally, at least as a general matter, "[a Utah] petitioner is entitled to relief only if the petition is filed within one year after the cause of action accrued." *Id*. § 78B-9-107(1). For all of these reasons, it appears that Petitioner is foreclosed from further state-court post-conviction relief.

Petitioner's claims are thus all exhausted, whether by direct appeal or lack of "available" state remedies. Because he "has not presented the Court with a mixed petition . . ., a stay under *Rhines* is not even implicated." *Domenech*, 2020 U.S. Dist. LEXIS 59863, at *18. Petitioner's request for a stay is therefore denied.

## MOTION FOR DISCOVERY

Under Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure." After carefully reviewing the submissions in this case, the court concludes that Petitioner has not shown good cause for his request for discovery. The court, will, however, continue to evaluate the case for discovery needs and order discovery if warranted. *See id.* The court accordingly denies Petitioner's motion for discovery.

## MOTION FOR APPOINTED COUNSEL

Petitioner has no constitutional right to court-appointed counsel in a federal habeas-corpus case. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). And because no evidentiary hearing is required in this case, Petitioner has no statutory right to counsel either. *See Swazo*, 23 F.3d at 333. The court has discretion, however, to appoint counsel when "the interests of justice so require" for a "financially eligible person" bringing a Section 2254 petition. *See* 18 U.S.C.S. § 3006A(a)(2)(B) (2020).

After carefully reviewing the submissions in this case, the court concludes that the interests of justice do not require appointed counsel at this time. First, it is yet unclear whether Petitioner has asserted any colorable claims. *See e.g., Pinson v. Berkebile*, 576 Fed. Appx. 710, 714 (10th Cir. 2014). Second, Petitioner has shown the ability to investigate the facts necessary

for the issues and to articulate them in a meaningful fashion. *See U.S. v. Baker*, 586 Fed. Appx. 458, 460 (10th Cir. 2014). Finally, the issues in this case appear straightforward and not so complex as to require counsel's assistance. *See id.* The court thus denies Petitioner's motion for appointed counsel, at least for now.

      **IT IS HEREBY ORDERED** that:

(1) Petitioner's motion for a *Rhines* stay is **DENIED**. *See* Dkt. No. 2.

(2) Petitioner's motion for discovery is **DENIED**. *See* Dkt. No. 3. The court will continue to monitor this matter for discovery needs and order discovery if warranted.

(3) Petitioner's motion for appointed counsel is **DENIED**. *See* Dkt. No. 8. The court may appoint counsel at a later time if it becomes appropriate to do so.

(4) Within forty-five days, Respondent shall file an answer to the Petition.

(5) Within thirty days of filing of the answer, Petitioner shall file a reply.

      DATED this 3rd day of March, 2021.

      BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge